## LUTHER M. BATES *v.* JACOB MAECK.

### *Deposition.*

During the pendency of an action of book account before the auditor, the plaintiff agreed in writing that a certain deposition might be taken by the defendant at a specified time and place. The deposition was taken in pursuance of this agreement, and the commissioner who took it, appended the written agreement to it, and certified that the deposition was taken in pursuance of such agreement; *Held,* that under these circumstances, it was not necessary to state in the caption of the deposition, the *time* and *place* of the trial in which it was to be used.

*It seems* that the requirements of the statute as to the caption and certificate of a deposition, need not be *precisely* followed in the case of a deposition taken under a commission issuing from court.

BOOK ACCOUNT. The only question in this case arose upon exceptions by the plaintiff to the auditor's report, and concerned the admissibility of a deposition offered before the auditor by the defendant. The facts in regard to the deposition are sufficiently embodied in the opinion of the court. The county court, at the March Term, 1858,—BENNETT, J., presiding,—overruled, *pro forma*, the plaintiff's exceptions to the report, and rendered judgment thereon for the defendant, to which the plaintiff excepted.

*Hard & French*, for the plaintiff.

The defendant, *pro se.*

BARRETT, J. In this case the auditor had duly notified the parties of the hearing to be had before him on the 10th day of August, 1857. On that day the hearing was continued by agreement to the 2d day of October. It was then adjourned by the auditor to the 17th of October. On the 3d day of October the plaintiff agreed, in writing, that the deposition of Cutler might be taken by the defendant in Chicago, at the office of George F. Bailey, on the 10th day of October, before any commissioner in Chicago except Bailey, and waived any further or other notice.

That agreement was forwarded to the commissioner by whom the deposition was taken, and he took said deposition at the time named, under and in pursuance of said agreement. The deposition was returned with the agreement prefixed, and with the certificate of the commissioner that it was taken in pursuance of said agreement. When the deposition was offered in evidence before the auditor, objection was made that the caption was defective, without specifying in what respect.

It is now insisted that the defect consists in not naming the *time* and *place* of the trial in which the deposition was to be used.

Upon this state of facts, if this objection is sustained, it ought to be upon compulsion, by the imperious requirement of some statute, or fixed rule of law.

We do not deem it necessary to determine what would have been the merits of the objection if the deposition had been taken *in invitum*, simply in virtue of the statutory provision for taking

testimony by deposition. This deposition was not taken in that way, but under an agreement on the part of the plaintiff, made pending the hearing before the auditor, after a continuance apparently granted for the purpose of enabling the defendant to obtain it to use in the trial, thus pending.

To hold, under these circumstances, that the omission in the caption of the *time* and *place* of the hearing, is a defect that the plaintiff can fasten upon by force of the statute, would seem to be engrafting a statutory requirement upon the agreement of the parties, not for the purpose of serving, but of defeating both the design of the parties in making the agreement, and the ends of justice.

We think the plaintiff must stand upon his agreement; and as the certificate of the commissioner shows that the deposition was taken in pursuance of it, and regularly taken in all respects, to be used in the hearing, pending which the agreement was made, the time and place of said hearing are sufficiently apparent to prevent any mistake as to the cause and trial in which it was taken to be used.

It would seem that the requirements of the statute would not need to be *precisely* followed in case of taking a deposition under a commission issuing from the court. It would probably be sufficient if the commission should be attached to the deposition, and the commissioner should append his certificate that the deposition had been taken by him by virtue and in pursuance of said commission, setting forth the time and place of taking, and that the deponent gave the testimony under the proper *jurat*.

The agreement in this case may well stand in place of such a commission.

Judgment affirmed.