INLAND STEEL COMPANY *v.* STOICA ET AL.

[No. 13,303. Filed January 3, 1929. Rehearing denied March 12, 1929.]

William J. McAleer, Francis J. Dorsey, Gerald A. Gillett and James J. Clark, for appellant.

James M. Ogden, Bernard C. Gavit and Alec J. Lupear, for appellees.

REMY, J.—Luca Stoica having lost his life as a result of an accident which arose out of and in the course of his employment by appellant, his widow and minor children, appellees herein, filed with the Industrial Board their application for adjustment of compensation. Thereafter, in response to a petition of appellees, the Industrial Board made an order authorizing the taking of depositions in the city of Sibiu, kingdom of Roumania, the residence of appellees, the depositions to be taken by means of interrogatories and cross-interrogatories, copies of which were to be submitted to the Industrial Board by the parties to be forwarded to the commissioner to be named by the board as the officer to swear the witnesses and to take the depositions. The commissioner named was an officer and resident of the foreign city. It was specially provided in the order that the attestation of the commissioner would be sufficient certification as to the correctness of the depositions when the same were authenticated by the American consul.

Pursuant to the order, the depositions were taken. The certificate attached to each deposition contained the statement that on September 17, 1926, the witness personally appeared before the officer "at the time and place mentioned, and, after being duly sworn, deposed to the matters contained in the foregoing interrogatories, and in my presence subscribed his name." The attestation was authenticated by the American consul.

The depositions so taken were forwarded to the Industrial Board, and on March 17, 1927, appellant appeared by its attorneys and moved the board to suppress

the depositions for the reason, as alleged, that the provisions of the statute for the taking of depositions by interrogatories (§318 Code Civ. Proc., §491 Burns 1926) had not been complied with, in this, that the certificate of the officer who took the depositions "does not show that the answers to the interrogatories were re-read to the witness giving opportunity to make corrections." The motion to suppress was overruled and this ruling of the board presents the chief question for consideration by this court.

The taking of depositions by means of interrogatories is authorized by §318 of the code, *supra*, which statute, among other things, provides: "The officer shall first swear or affirm the witness that he will make a full, true and perfect answer to the interrogatories to be propounded to him; and then he shall propound the interrogatories annexed to the commission in their order and accurately write the answers of the witness to such. He shall then read carefully to the witness such interrogatories and his answers thereto, and correct the answers as the witness may desire; and then the witness shall sign such depositions. . . . The officer shall annex to the deposition his certificate showing specifically a fulfillment of each requirement of this section; and shall then enclose the deposition with the commission, interrogatories and answers securely sealed, and transmit the same, addressed to the clerk of the court in which the suit is pending, with the title of the cause endorsed thereon." It is argued by appellant that since, in the instant case, the certificate of the commissioner fails to show a compliance with this provision, the motion to suppress should have been sustained. There would be merit in this contention, except for the fact that the deposition was taken in a foreign country, and the order of the Industrial Board to take the depositions, including directions as to the character

of the certificate, did not specifically require a certification that the interrogatories and answers be re-read to the witness. The above section of the code, as applied to this case, must be read in connection with the section providing for the taking of foreign depositions, which is as follows: "When depositions are to be taken in a foreign country they shall be taken pursuant to an order of the court, under a commission, with reasonable notice of the time and place of taking the same as the court shall require; they shall be certified and returned by the commissioner in such manner as the court shall direct." §304 Code Civ. Proc., §477 Burns 1926. Under this statute, a commissioner taking a deposition in a foreign country is required to certify the deposition "in such manner as the court may direct." There is no presumption that the officer of a foreign country knows the law of this country, hence it is a wise and necessary provision of the code that the court of this country which names a commissioner of a foreign country to take a deposition shall, in the order, give directions as to the manner of certification. If, in such case, the commissioner complies with the order, it is sufficient. See *Bates* v. *Maeck* (1859), 31 Vt. 456. It would have been an additional safeguard if the Industrial Board had incorporated in its order the provision of §318 of the code referred to by appellant, but it failed to do so, and the record does not show that appellant made any objection to the form or scope of the order to take depositions when the same were issued.

It follows the Industrial Board did not err in overruling motion to suppress the depositions.

No good purpose would be served by a discussion of the evidence; it is sufficient to say that there is competent evidence sufficient to sustain the award.

Other questions have been presented, but they are

questions well settled by previous decisions of this court, and, therefore, require no consideration.

Affirmed.